Daniel A. Lev (CA Bar No. 129622)
daniel.lev@gmlaw.com
Mark S. Horoupian (CA Bar No. 175373)
mark.horoupian@gmlaw.com
Shantal Malmed (CA Bar No. 351496)
shantal.malmed@gmlaw.com
**Greenspoon Marder LLP**
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Plaintiff, Howard M. Ehrenberg, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

In re

BEVERLY COMMUNITY HOSPITAL ASSOCIATION, dba BEVERLY HOSPITAL, a nonprofit public benefit corporation,[1]

Debtor.

☒ Affects all Debtors

☐ Affects Beverly Community Hospital Association

☐ Affects Montebello Community Health Services, Inc.

Case No. 2:23-bk-12359-VZ

Chapter 11
Jointly administered with:

Case No. 2:23-bk-12360-VZ
Adv. No.

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547, 548, 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502**

DATE:
TIME: [To Be Set By Summons]
PLACE:

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Beverly Community Hospital Association d/b/a Beverly Hospital (6005), and Montebello Community Health Services, Inc. (3550).



Greenspoon Marder LLP
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL. 213.626.2311 • FAX 954.771.9264

Greenspoon Marder LLP
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL. 213.626.2311 • FAX 954.771.9264

HOWARD M. EHRENBERG, solely in his capacity as chapter 11 trustee,

Plaintiff,

vs.

BIOMERIEUX, INC.,

Defendant.

For his "Complaint to Avoid And Recover Transfers Pursuant to 11 U.S.C. §§ 544, 547, 548, 550 and to Disallow Claims Pursuant To 11 U.S.C. §502" (the "Complaint"), against Biomerieux, Inc. (hereinafter, "Defendant"), plaintiff Howard M. Ehrenberg, solely in his capacity as the duly appointed, qualified, and acting chapter 11 trustee (the "Trustee" or "Plaintiff"), for the jointly-administered estates of the debtors Beverly Community Hospital Association ("Beverly Hospital") and Montebello Community Health Services, Inc. (collectively, the "Debtors"), hereby alleges and avers as follows:

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

A. Nature of Proceeding:

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all (a) preferential transfers of property of the Debtors made during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of the Debtors pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code") and, subject to proof, (b) transfers that may have been fraudulent conveyances pursuant to sections 548 and 550 of the Bankruptcy Code.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights and the rights of the Debtors to object to any such claim

for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

B. Jurisdiction and Venue:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), and (O). This action is a proceeding arising in and/or related to the jointly-administered bankruptcy cases of In re Beverly Community Hospital Association dba Beverly Hospital, bearing Case No. 2:23-bk-12359-VZ, and In re Montebello Community Health Services, Inc., bearing Case No. 2:23-bk-12360-VZ (the "Bankruptcy Cases"), which are cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq., and which are pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court" or "Court").

2. Regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court. Defendant is hereby notified that Rule 7008 of the Federal Rules of Bankruptcy Procedure requires Defendant to plead whether consent is given to the entry of a final order and judgment by the Bankruptcy Court if it asserts any counterclaims.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief sought herein are sections 502, 544, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**THE PARTIES, RELEVANT BACKGROUND, AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

A. The Parties

1. Plaintiff, Howard M. Ehrenberg, is the duly appointed, qualified, and acting Chapter 11 Trustee for the Debtors in the Bankruptcy Cases.

Greenspoon Marder LLP
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL. 213.626.2311 • FAX 954.771.9264

2. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods or services to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 595 Anglum Drive, Hazelwood, MO 63042. Plaintiff is informed and believes that Defendant is a biotechnology company that provides diagnostic solutions and systems residing in and subject to the laws of the State of Missouri.

B. <u>Factual Background</u>

1. On April 19, 2023 (the "Petition Date"), the Debtors commenced the Bankruptcy Cases when each filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code. Those cases were consolidated for procedural purposes and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2. As of the Petition Date, Beverly Hospital owned and operated a 224-bed acute care hospital in Montebello, California that primarily served low-income patients in the Los Angeles area.

3. On August 7, 2023, the Debtors filed their Notice of Motion and Motion for Entry of an Order (I) Authorizing the Sale of Substantially all of the Debtors' Assets Free and Clear of all Liens, Claims, and Encumbrances to White Memorial Medical Center d/b/a Adventist Health White Memorial Free and Clear; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Related Thereto; and (C) Granting Related Relief [Bankr. Doc. No. 638] (the "Sale Motion") requesting that the Bankruptcy Court approve the Asset Purchase Agreement between the Debtors and White Memorial Medical Center dated as of August 7, 2023 (the "APA").

4. On August 18, 2023, the Court entered the Sale Order approving the Sale Motion. [Bankr. Doc. No. 718] On September 7, 2023, the Debtor filed its *Notice of Closing of Sale to White Memorial Medical Center d/b/a Adventist Health White Memorial* [Bankr. Doc. No. 789] pursuant to which, among other things, the Debtor reported that the Closing (as defined in the APA) of the sale to White Memorial Medical Center

Greenspoon Marder LLP
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL. 213.626.2311 • FAX 954.771.9264

occurred on September 6, 2023 (the “Closing Date”), with an Effective Time (as defined in the APA) of 12:01 a.m. (Pacific Time) on September 7, 2023.

5. On September 11, 2023, U.S. Bank caused to be filed in the Bankruptcy Cases its “U.S. Bank Trust Company, National Association, As Master Trustee’s Emergency Request for Status Conference and Order to Show Cause Why A Chapter 11 Trustee Should Not Be Appointed” (the “OSC”) [Bankr. Doc. No. 791]. The OSC was granted by the Court pursuant to its “Order Directing the Appointment of A Chapter 11 Trustee and Setting Hearing and Briefing Schedule on Fee Applications” entered on September 13, 2013 [Bankr. Doc. No. 803].

6. On September 15, 2023, the Office of the United States Trustee (the “OUST’) filed its “Notice of Appointment of Chapter 11 Trustee” [Bankr. Doc. No. 811] under section 1104 of the Bankruptcy Code pursuant to which Plaintiff was appointed chapter 11 trustee for the Debtors’ jointly administered estates. On September 15, 2023, the OUST filed its “Application for Order Approving Appointment of Trustee and Fixing Bond” [Bankr. Doc. No. 813]. On September 15, 2023, the Court entered its “Order Approving the Appointment of A Chapter 11 Trustee” [Bankr. Doc. No. 815].

7. Plaintiff brings this action solely in his capacity as chapter 11 trustee for the Debtors' estates. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. § 502(e), who could have avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

8. Plaintiff was appointed as chapter 11 trustee after the Petition Date. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, therefore, alleges all those facts on information and belief. Plaintiff reserves the right to amend this Complaint to allege

Greenspoon Marder LLP
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL. 213.626.2311 • FAX 954.771.9264

Greenspoon Marder LLP
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL. 213.626.2311 • FAX 954.771.9264

additional claims against defendant and to challenge and recover transfers made to or for the benefit of defendant in addition to those transfers alleged in this Complaint.

9. During the ninety (90) days before the Petition Date, that is between January 19, 2023, and April 19, 2023 (the "Preference Period"), the Debtors continued to operate their businesses and transferred property of the Debtors, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, credit card payment, or otherwise to various entities.

10. During the course of their relationship, the Debtors and Defendant entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to the Debtors. The Debtors' payments to the Defendant during the Preference Period are set forth on the Statement of Account, which is attached as Exhibit A hereto and incorporated by reference.

11. The Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of the Defendant during the Preference Period through payments aggregating an amount not less than the total set forth on Exhibit A (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A. Such details include "Payment Number," "Payment Amount," "Payment Date," "Debtor Transferor(s)," "Invoice Number," "Invoice Date," and "Invoice Amount."

12. Plaintiff seeks to avoid all of the transfers of an interest of the Debtors' property made by the Debtors to Defendant within the Preference Period.

13. Prior to filing this Complaint, Plaintiff performed a due diligence evaluation of the reasonably knowable affirmative defenses to avoidance and recovery of the Transfers available to Defendant, including defenses arising under section 547(c), for which Defendant bears the burden of proof under section 547(g) by a preponderance of evidence.

14. Based upon Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has

Greenspoon Marder LLP
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL. 213.626.2311 • FAX 954.771.9264

determined that Plaintiff may avoid and recover some or all of the Transfers even after taking into account Defendant's potential affirmative defenses.

**FIRST CLAIM FOR RELIEF**

**(Avoidance of Preferential Transfers Pursuant to**

**11 U.S.C. §§ 547)**

15. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14 as though set forth in full.

16. Plaintiff is informed and believes, and on that basis alleges thereon, that during the Preference Period, the Debtors did not have sufficient funds to pay their debts as they became due and fell behind on their payments to creditors.

17. Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfers were made to or for the benefit of Defendant within ninety days of the Petition Date.

18. Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfers satisfy the definition of "transfers" as that term is defined in 11 U.S.C. § 101(54).

19. Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfers were made to or for the benefit of Defendant, as a creditor of the Debtors at the time of the respective transfers, as the term "creditor" is defined by 11 U.S.C. § 101(10).

20. The Transfers were transfers of interests of the Debtors in property.

21. The Transfers were for or on account of antecedent debts owed by the Debtors to Defendant before the Transfers were made.

22. The Transfers were made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

23. Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfers enabled or will enable Defendant to receive more than Defendant

Greenspoon Marder LLP
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL. 213.626.2311 • FAX 954.771.9264

would receive if (i) the Debtors' Bankruptcy Cases were cases under chapter 7 of title 11 of the United States Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of such debt to the extent provided by title 11 of the United States Code.

24. Based on the foregoing, Plaintiff may avoid the Transfers pursuant to section 547(b) of the Bankruptcy Code.

**SECOND CLAIM FOR RELIEF**

**(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B))**

25. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 as though set forth in full.

26. To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was incurred by one Debtor entity but paid for by another Debtor entity without a corresponding intercompany receivable recorded by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the “Fraudulent Transfers”); and

27. The Debtors were insolvent as of the date of the Fraudulent Transfer(s), or became insolvent as a result of the Fraudulent Transfer(s); or

28. The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital; or

29. The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

30. Based upon the foregoing, the Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

Greenspoon Marder LLP
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL. 213.626.2311 • FAX 954.771.9264

**THIRD CLAIM FOR RELIEF**

**(Recovery of Avoided Transfers or the Value Thereof Pursuant to 11 U.S.C. § 550(a))**

31. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 as though set forth in full.

32. Plaintiff is entitled to avoid the Transfers pursuant to Section 547(b) of the Bankruptcy Code and any Fraudulent Transfers pursuant to Section 548(b of the Bankruptcy Code (collectively, the "Avoided Transfers").

33. Defendant is the transferee (initial, immediate, mediate and/or otherwise) of the Avoidable Transfers and/or the entity or person for whose benefit the Avoidable Transfers were made, within the meaning of 11 U.S.C. § 550(a). Based thereon, Plaintiff is entitled to recover the equivalent value of any property recovered on account of the Avoidable Transfers for the benefit of the Debtor's estate from Defendant, together with interest at the applicable rate from the date of the Avoidable Transfers, for the benefit of the Debtors' estates.

**FOURTH CLAIM FOR RELIEF**

**(Preservation of Transfers Avoided Pursuant to 11 U.S.C. § 551)**

34. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33 as though set forth in full.

35. Pursuant to 11 U.S.C. § 551, the Avoidable Transfers are preserved for the benefit of the Debtors' estate as the Avoidable Transfers are avoidable under 11 U.S.C. §§ 547(b), 548 and 11 U.S.C. § 550 as set forth in this Complaint.

**FIFTH CLAIM FOR RELIEF**

**(For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

36. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 as though set forth in full.

Greenspoon Marder LLP
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL. 213.626.2311 • FAX 954.771.9264

37. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

38. Defendant has not paid to the Plaintiff the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code

39. Pursuant to 11 U.S.C. § 502(d), Plaintiff requests that (a) any claim scheduled on behalf of the Defendant in the Bankruptcy Cases and/or (b) any proof of claim that was or could be filed by Defendant be disallowed for Defendant's failure to return or repay the equivalent value of any property recovered on account of the Avoidable Transfers, until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon.

**RESERVATION OF RIGHTS**

40. Plaintiff reserves the right to amend this Complaint to include, among other things, (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and revisions to Defendant's name, (iv) additional defendants, and (v) additional claims for relief, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

41. Plaintiff reserves the right to bring all other claims for relief that Plaintiff may have against Defendant, on any and all grounds, as allowed under the law or in equity. Additionally, nothing contained in this Complaint shall be construed as a waiver of Plaintiff's right to object to the proof of claim filed by Defendant.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

**ON THE FIRST CLAIM FOR RELIEF**

For a judgment and/or order that the Transfers are avoided pursuant to 11 U.S.C. § 547(b);

**ON THE SECOND CLAIM FOR RELIEF**

Greenspoon Marder LLP
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL. 213.626.2311 • FAX 954.771.9264

For a judgment and/or order that the Fraudulent Transfers are avoided pursuant to 11 U.S.C. § 548(a)(1)(B);

**ON THE THIRD CLAIM FOR RELIEF**

For a judgment and/or order that Plaintiff recover the equivalent value of any property recovered on account of the Avoidable Transfers for the benefit of the Debtors' estates from Defendant pursuant to 11 U.S.C. § 550;

**ON THE FOURTH CLAIM FOR RELIEF**

For a judgment and/or order that Plaintiff is entitled to preserve the Avoidable Transfers for the benefit of the Debtors' estates under 11 U.S.C. § 551;

**ON THE FIFTH CLAIM FOR RELIEF**

For a judgment and/or order disallowing any claim(s) scheduled on behalf of the Defendant or claims that Defendant may assert or has asserted against the Debtors' estates under 11 U.S.C. § 502(d);

**ON ALL CLAIMS FOR RELIEF**

For interest in an amount authorized by law;

For costs of suit incurred herein, including, without limitation, attorneys' fees; and

For such other and further relief as the Court deems just and proper.

DATED: April 16, 2025 **Greenspoon Marder LLP**

By: /s/ *Mark S. Horoupian*
Mark S. Horoupian
Attorneys for Plaintiff, Howard M. Ehrenberg, Chapter 11 Trustee

Greenspoon Marder LLP
1875 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
TEL. 213.626.2311 • FAX 954.771.9264

**EXHIBIT A**

Defendant: **Biomerieux, Inc.**

Bankruptcy Case **Beverly Community Hospital Association et al.**

Preference Period: **1/19/2023 to 4/19/2023**

Transfers During Preference Period

| Debtor Transferor(s) | Debtor(s) Incurring Antecedent Debt | Payment Number | Payment Date | Payment Amount | Invoice Number | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|---|
| Beverly Community Hospital Association | Beverly Community Hospital Association | 041539 | 2/16/2023 | $10,522.36 | 1212904836 | 11/2/2022 | $407.57 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 041539 | 2/16/2023 | $10,522.36 | 1212911047 | 11/14/2022 | $7,516.85 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 041539 | 2/16/2023 | $10,522.36 | 1212913990 | 11/16/2022 | $2,597.94 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 042018 | 3/27/2023 | $3,851.94 | 1212916576 | 11/21/2022 | $3,000.59 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 042018 | 3/27/2023 | $3,851.94 | 1212918339 | 11/23/2022 | $851.35 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 042061 | 3/31/2023 | $20,475.27 | 1212923399 | 12/2/2022 | $5,171.52 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 042061 | 3/31/2023 | $20,475.27 | 1212923400 | 12/2/2022 | $448.21 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 042061 | 3/31/2023 | $20,475.27 | 1212926379 | 12/6/2022 | $485.71 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 042061 | 3/31/2023 | $20,475.27 | 1212930338 | 12/12/2022 | $185.26 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 042061 | 3/31/2023 | $20,475.27 | 1212933301 | 12/15/2022 | $8,415.03 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 042061 | 3/31/2023 | $20,475.27 | 1212938298 | 12/22/2022 | $5,164.65 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 042061 | 3/31/2023 | $20,475.27 | 1212940895 | 12/28/2022 | $604.89 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 042211 | 4/18/2023 | $12,713.96 | 1212946100 | 1/5/2023 | $3,258.67 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 042211 | 4/18/2023 | $12,713.96 | 1212953141 | 1/17/2023 | $4,908.85 |
| Beverly Community Hospital Association | Beverly Community Hospital Association | 042211 | 4/18/2023 | $12,713.96 | 1212958460 | 1/24/2023 | $4,546.44 |

**Totals: 4 transfer(s), $47,563.53**